IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN PUBLISHING COMPANY and JAMES WARREN, | : |
| Plaintiffs, | : |
| vs. | : CIVIL ACTION NO.: |
| VANGUARD PRODUCTIONS, INC. | : |
| Defendant. | : |

## COMPLAINT

Plaintiffs Warren Publishing Company and James Warren, by and through their attorneys, and as and for their Complaint against Defendant Vanguard Productions, Inc., allege as follows:

1. This is an action for copyright infringement arising under the Copyright Act of 1909, 17 U.S.C. §§ 1, et seq. (1909) (the "1909 Act"). The amount in controversy exclusive of interests and costs exceeds the sum or value of $75,000.

2. This Court has jurisdiction over the claims Plaintiffs are asserting under 28 U.S.C. §§ 1331, 1332 and 1338(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

4. Plaintiff Warren Publishing Company ("Warren Publishing") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at Wyncote House #226, 25 Washington Lane, Wyncote, PA 19095-1403. Prior to 1963, Warren Publishing Company was known as Central Publications, Inc.

5. Plaintiff James Warren ("Warren") is a citizen of the Commonwealth of Pennsylvania having an address at Wyncote House #226, 25 Washington Lane, Wyncote, PA 19095-1403. Warren is the successor in interest to all assets of Spaceman, Inc., including but not

limited to any and all copyrights owned by Spaceman, Inc.

6.    On information and belief, Defendant Vanguard Productions, Inc. ("Vanguard") is a corporation organized and existing under the laws of the State of New Jersey, having a business address at 390 Campus Drive, Somerset, New Jersey 08873 and/or at 186 Center Street, Suite 200, Clinton, New Jersey 08809. On further information and belief, Vanguard is doing business and the complained of acts in this judicial district.

## COUNT I - COPYRIGHT INFRINGEMENT

7.    As a cause of action and ground for relief, Plaintiffs allege 36 claims of copyright infringement by Vanguard, based upon Vanguard's unauthorized reproduction of 36 works. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Vanguard. Plaintiffs incorporate Paragraphs 1 through 6 of the Complaint as a part of this count.

8.    Annexed hereto and incorporated herein as Schedule A is a list identifying the works whose copyrights have been infringed by Vanguard (collectively "the Works"). Schedule A contains information on the thirty-six (36) claims of copyright infringement at issue in this action. Each numbered claim has the following 5 lines of information: Line 1 providing the claim number; Line 2 listing the title of the publication related to the claim; Line 3 providing the date on which the copyright in the work was registered; Line 4 providing the registration number of the copyright related to the work; and Line 5 identifying the named claimant of the copyrighted work.

9.    Each of the Works was conceived and created at the instance and expense of the claimants listed in Schedule A, and was a work made for hire, for the benefit of said claimants,

and as such, said claimants were the authors and owners of the respective Works listed in Schedule A for copyright purposes under the Copyright Act of 1909. Since the creation of each of the Works, said claimants and their respective successors in interest have been the sole proprietors of all rights, title and interest in and to the copyrights and the renewed copyrights of all printed, pictorial and graphic material in said Works.

10. Each of the Works in Schedule A contains wholly original material written and drawn at the instance and expense of the claimants listed in Schedule A and each is copyrightable subject matter under the laws of the United States.

11. The claimants listed in Schedule A and their respective successors in interest have complied in all respects with the 1909 Act, the Copyright Act of 1976 and all other laws governing copyright and secured the exclusive rights and privileges in and to the copyrights and the renewed copyrights in each of the Works. The applications for registration of the copyrights in and to the Works were recorded by the Register of Copyrights as shown by the Certificates of Registration listed in Schedule A.

12. Each of the Works identified on the schedule as having been claimed by Central Publications, Inc. is owned by Warren Publishing, which is the same entity, its name having been changed to Warren Publishing Company in or about early 1963, which change is reflected in the records of the United States Copyright Office.

13. Each of the works identified on the schedule as having been claimed by Spacemen, Inc. is owned by Warren.

14. With full knowledge of the rights of Plaintiffs in and to the Works and the pictorial and graphic material therein, Vanguard has infringed said copyrights by printing, publishing, distributing, offering to sell and selling the book *Famous Monster Movie Art of Basil Gogos*, which

contains substantial and unlawful reproductions of pictorial and graphic material from each of the Works. Vanguard's conduct constitutes direct infringement of Plaintiffs' exclusive rights under copyright to print, publish, reproduce and sell their copyrighted works.

15. Vanguard's book, *Famous Monster Movie Art of Basil Gogos*, has been offered for sale and sold in this judicial district, including in major book retailers in Philadelphia, Pennsylvania.

16. All of Vanguard's acts have been performed without the permission, license, or consent of Plaintiffs.

17. On information and belief, Vanguard's aforementioned acts have been conducted willfully, intentionally, and purposefully, in disregard of and indifferent to the rights of Plaintiffs.

18. By reason of Vanguard's aforementioned acts, Plaintiffs have suffered and will continue to suffer substantial damage to their business in the form of diversion of trade, loss of profits, and a dilution of the value of their rights, all in amounts which are not yet fully ascertainable but which are estimated to be not less than $200,000.

19. As a direct and proximate result of Vanguard's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to maximum statutory damages. Alternatively, at Plaintiffs' election, Plaintiffs shall be entitled to their actual damages plus Vanguard's profits from infringement as will be proven at trial.

20. Vanguard's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured by money. Plaintiffs have no adequate remedy at law.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Publishing Company and James Warren pray for judgment as follows:

(I)     For a declaration that Vanguard has willfully infringed Plaintiffs' copyrights in the Works.

(II)    For a permanent injunction requiring that Vanguard and its agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, cease directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of, any of Plaintiffs' copyrights in the Works or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created.

(III)   For an order requiring Vanguard and its agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, recall from all distributors, wholesalers, jobbers, dealers, retailers, and distributors, and all others known to Vanguard, any originals, copies, facsimiles, or duplicates of any works shown by the evidence to infringe any copyright in the Works.

(IV)    For an order requiring Vanguard to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright in the Works.

(V)     For an order requiring Vanguard to file with the Court and to serve on Plaintiffs, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Vanguard has complied with the Court's

order.

(VI) For statutory damages. Alternatively, at Plaintiffs' election, for actual damages plus Vanguard's profits from infringement, as will be proven at trial.

(VII) For Plaintiffs' costs, including reasonable attorneys' fees.

(VIII) For pre- and post-judgment interest according to law.

(IX) For punitive damages in view of Vanguard's willful misconduct, malice and such entire want of care as would raise the presumption of conscious indifference to consequences.

(X) For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

CAESAR, RIVISE, BERNSTEIN,
COHEN & POKOTILOW, LTD.

Dated: July 21, 2008

By /SGuerriero/ SRG3999
Manny D. Pokotilow (ID# 13310)
Salvatore Guerriero (ID# 83860)
Douglas Panzer (ID# 203354)
1635 Market Street
Seven Penn Center - 11th Floor
Philadelphia, PA 19103-2212
Tel: (215) 567-2010
Fax: (215) 751-1142

Attorneys for Plaintiffs

## SCHEDULE A

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Title | Famous Monsters of Filmland No. 9 (Vol. 2, Iss. 9) |
| Line 3 | Date of Registration | 8/30/1960 |
| Line 4 | Registration No. | B854,651 |
| Line 5 | Claimant | Central Publications, Inc. |
| Line 1 | Claim No. | 2 |
| Line 2 | Title | Famous Monsters of Filmland No. 10 (Vol. 3, Iss. 1) |
| Line 3 | Date of Registration | 11/9/1960 |
| Line 4 | Registration No. | B868,728 |
| Line 5 | Claimant | Central Publications, Inc. |
| Line 1 | Claim No. | 3 |
| Line 2 | Title | Famous Monsters of Filmland No. 11 (Vol. 3, Iss. 2) |
| Line 3 | Date of Registration | 2/9/1961 |
| Line 4 | Registration No. | B892,994 |
| Line 5 | Claimant | Central Publications, Inc. |
| Line 1 | Claim No. | 4 |
| Line 2 | Title | Famous Monsters of Filmland No. 12 (Vol. 3, Iss. 3) |
| Line 3 | Date of Registration | 4/9/1961 |
| Line 4 | Registration No. | B892,995 |
| Line 5 | Claimant | Central Publications, Inc. |
| Line 1 | Claim No. | 5 |
| Line 2 | Title | Famous Monsters of Filmland No. 14 (Vol. 3, Iss. 5) |
| Line 3 | Date of Registration | 8/9/1961 |
| Line 4 | Registration No. | B939,231 |
| Line 5 | Claimant | Central Publications, Inc. |
| Line 1 | Claim No. | 6 |
| Line 2 | Title | Famous Monsters of Filmland No. 15 (Vol. 3, Iss. 6) |
| Line 3 | Date of Registration | 10/9/1961 |
| Line 4 | Registration No. | B939,232 |
| Line 5 | Claimant | Central Publications, Inc. |
| Line 1 | Claim No. | 7 |
| Line 2 | Title | Famous Monsters of Filmland No. 16 (Vol. 4, Iss. 1) |
| Line 3 | Date of Registration | 1/15/1962 |
| Line 4 | Registration No. | B962,067 |
| Line 5 | Claimant | Central Publications, Inc. |
| Line 1 | Claim No. | 8 |
| Line 2 | Title | Famous Monsters of Filmland No. 17 (Vol. 4, Iss. 2) |
| Line 3 | Date of Registration | 3/15/1962 |
| Line 4 | Registration No. | B962,064 |
| Line 5 | Claimant | Central Publications, Inc. |

| | | |
|---|---|---|
| Line 1 | Claim No. | 9 |
| Line 2 | Title | Famous Monsters of Filmland No. 19 (Vol. 4, Iss. 4) |
| Line 3 | Date of Registration | 7/31/1962 |
| Line 4 | Registration No. | B111 |
| Line 5 | Claimant | Central Publications, Inc. |

| | | |
|---|---|---|
| Line 1 | Claim No. | 10 |
| Line 2 | Title | Famous Monsters of Filmland No. 20 (Vol. 4, Iss. 5) |
| Line 3 | Date of Registration | 10/9/1962 |
| Line 4 | Registration No. | B996,807 |
| Line 5 | Claimant | Central Publications, Inc. |

| | | |
|---|---|---|
| Line 1 | Claim No. | 11 |
| Line 2 | Title | Famous Monsters of Filmland No. 23 (Vol. 5, Iss. 2) |
| Line 3 | Date of Registration | 4/25/1963 |
| Line 4 | Registration No. | B35178 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 12 |
| Line 2 | Title | Famous Monsters of Filmland No. 24 (Vol. 5, Iss. 3) |
| Line 3 | Date of Registration | 7/19/1963 |
| Line 4 | Registration No. | B55818 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 13 |
| Line 2 | Title | Famous Monsters of Filmland No. 58 |
| Line 3 | Date of Registration | 7/24/1969 |
| Line 4 | Registration No. | B534,700 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 14 |
| Line 2 | Title | Famous Monsters of Filmland No. 59 |
| Line 3 | Date of Registration | 8/21/1969 |
| Line 4 | Registration No. | B524,225 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 15 |
| Line 2 | Title | Famous Monsters of Filmland No. 60 |
| Line 3 | Date of Registration | 9/18/1969 |
| Line 4 | Registration No. | B548,515 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 16 |
| Line 2 | Title | Famous Monsters of Filmland No. 62 |
| Line 3 | Date of Registration | 11/20/1969 |
| Line 4 | Registration No. | B548,514 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 17 |
| Line 2 | Title | Famous Monsters of Filmland No. 63 |
| Line 3 | Date of Registration | 12/26/1969 |
| Line 4 | Registration No. | B575,630 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 18 |
| Line 2 | Title | Famous Monsters of Filmland No. 64 |
| Line 3 | Date of Registration | 1/27/1970 |
| Line 4 | Registration No. | B575,631 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 19 |
| Line 2 | Title | Famous Monsters of Filmland No. 83 |
| Line 3 | Date of Registration | 2/11/1971 |
| Line 4 | Registration No. | B649,199 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 20 |
| Line 2 | Title | Famous Monsters of Filmland No. 99 |
| Line 3 | Date of Registration | 5/1/1973 |
| Line 4 | Registration No. | B835,623 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 21 |
| Line 2 | Title | Famous Monsters of Filmland No. 103 |
| Line 3 | Date of Registration | 10/4/1973 |
| Line 4 | Registration No. | B879,763 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 22 |
| Line 2 | Title | Famous Monsters of Filmland No. 106 |
| Line 3 | Date of Registration | 1/29/1974 |
| Line 4 | Registration No. | B909,479 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 23 |
| Line 2 | Title | Famous Monsters of Filmland No. 108 |
| Line 3 | Date of Registration | 4/25/1974 |
| Line 4 | Registration No. | B938,777 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 24 |
| Line 2 | Title | Famous Monsters of Filmland No. 109 |
| Line 3 | Date of Registration | 6/6/1974 |
| Line 4 | Registration No. | B941,965 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 25 |
| Line 2 | Title | Famous Monsters of Filmland No. 112 |
| Line 3 | Date of Registration | 9/26/1974 |
| Line 4 | Registration No. | B968,200 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 26 |
| Line 2 | Title | Famous Monsters of Filmland No. 115 |
| Line 3 | Date of Registration | 1/28/1975 |
| Line 4 | Registration No. | B999,806 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 27 |
| Line 2 | Title | Famous Monsters of Filmland No. 134 |
| Line 3 | Date of Registration | 2/23/1977 |
| Line 4 | Registration No. | B197,360 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 28 |
| Line 2 | Title | Famous Monsters of Filmland No. 135 |
| Line 3 | Date of Registration | 4/6/1977 |
| Line 4 | Registration No. | B211,550 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 29 |
| Line 2 | Title | Famous Monsters of Filmland 1971 Yearbook (Vol. 1, Iss. 27) |
| Line 3 | Date of Registration | 6/11/1970 |
| Line 4 | Registration No. | B598,372 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 30 |
| Line 2 | Title | Creepy No. 39 |
| Line 3 | Date of Registration | 3/2/1971 |
| Line 4 | Registration No. | B685013 |
| Line 5 | Claimant | Warren Publishing Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 31 |
| Line 2 | Title | Screen Thrills Illustrated No. 1 |
| Line 3 | Date of Registration | 3/13/1962 |
| Line 4 | Registration No. | B976161 |
| Line 5 | Claimant | Central Publications, Inc. |

| | | |
|---|---|---|
| Line 1 | Claim No. | 32 |
| Line 2 | Title | Spacemen No. 3 (Vol. 1, Iss. 3) |
| Line 3 | Date of Registration | 12/28/1961 |
| Line 4 | Registration No. | B962065 |
| Line 5 | Claimant | Spacemen, Inc. |

| | | |
|---|---|---|
| Line 1 | Claim No. | 33 |
| Line 2 | Title | Spacemen No. 5 (Vol. 2, Iss. 1) |
| Line 3 | Date of Registration | 6/14/1962 |
| Line 4 | Registration No. | B981435 |
| Line 5 | Claimant | Spacemen, Inc. |

| | | |
|---|---|---|
| Line 1 | Claim No. | 34 |
| Line 2 | Title | Spacemen No. 6 (Vol. 2, Iss. 2) |
| Line 3 | Date of Registration | 10/16/1962 |
| Line 4 | Registration No. | B31880 |
| Line 5 | Claimant | Spacemen, Inc. |

| | | |
|---|---|---|
| Line 1 | Claim No. | 35 |
| Line 2 | Title | Wildest Westerns No. 5 |
| Line 3 | Date of Registration | 2/6/1961 |
| Line 4 | Registration No. | B892997 |
| Line 5 | Claimant | Central Publications, Inc. |

Line 1   Claim No.              36
Line 2   Title                  Wildest Westerns (Vol.2, Iss. 2)
Line 3   Date of Registration   5/8/1961
Line 4   Registration No.       B91112
Line 5   Claimant               Central Publications, Inc.